**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHIDI UCHE, MD,

        Plaintiff,

vs.                                       Case No. 3:12-cv-865-J-32JBT

ST. LUKE'S- ST. VINCENT'S HEALTH
CARE, INC., etc., et al.,

        Defendants.

**ORDER**

This case is before the Court on pro se plaintiff's Motion for Temporary/Permanent Injunction [and] Damages (Doc. 7). To secure a preliminary injunction, plaintiff must establish that "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to [plaintiff] outweighs whatever damage the proposed injunction may cause to the moving party; and (4) if issued, the injunction would not be adverse to the public interest." Charles H. Wesley Education Foundation, Inc. v. Cox, 408 F.3d 1349, 1354 (11th Cir. 2005) (citation and quotation omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003) (citation and quotation omitted). Because each of the four elements must be proven to secure injunctive relief, "[i]f any element is not proven, there is no need to address the others." Sofarelli v. Pinellas County, 931 F.2d 718, 724 (11th Cir.

1991).

Review of plaintiff's filings shows that temporary injunctive relief might not be appropriate in this case because plaintiff's claims are not the types of claims upon which "immediate and irreparable harm" is likely to occur absent Court-ordered relief in the form of a Preliminary Injunction.  See Fed.R.Civ.P. Rule 65(a); Local Rule 4.06.  Additionally, it appears that the preliminary and permanent relief plaintiff seeks are the same and it may well be that an expedited schedule would best accommodate the needs of the case.  Thus, the Court declines to set the motion for hearing without first reviewing defendants' response, which shall be filed and served no later than **August 17, 2012**.[1]

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of August, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff
counsel of record

---

[1] The Court further notes that plaintiff filed a motion for temporary injunction in November 2011 in state court before this case was removed.  Although the state court record was provided with the Notice of Removal, that record does not appear to have an Order on the motion.  If one exists, defendants are directed to file it with their response.